**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4833**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

VICARA KENARIE DAVIS,

             Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Fox, Senior District Judge.  (5:09-cr-00374-F-1)

Submitted:  May 27, 2011              Decided:  June 8, 2011

Before KING, WYNN, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, G. Alan DuBois, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.   George E. B. Holding, United States Attorney, Jennifer P. May-Parker, Kristine L. Fritz, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Vicara Kenarie Davis pled guilty to possession of a firearm by a convicted felon, 18 U.S.C. § 922(g)(1) (2006), and was sentenced to a within-Guidelines term of eighty-seven months imprisonment.  Davis appeals, contending that the district court committed procedural error by rejecting, without an adequate explanation, his argument for a sentence below the Guidelines range based on the anticipated elimination of "recency" points for criminal history under U.S. Sentencing Guidelines Manual § 4A2.1(e) (2009).  We affirm.

Davis' criminal history score included two points awarded under USSG § 4A1.1(e) for having committed the instant offense less than two years after his release from confinement on a prior sentence.  At his sentencing hearing in July 2010, Davis objected to the inclusion of these two points on the ground that the Sentencing Commission had submitted a proposed amendment to Congress to eliminate § 4A1.1(e) and consideration of the recency of a defendant's release from a prior sentence which would take effect in November 2010 unless Congress acted to block it.[1]  The district court overruled his objection and subsequently declined to impose a variance sentence below the advisory Guidelines range on the same ground.

---

[1] See USSG App. C, Amendment 742, eff. Nov. 1, 2010.

We review a sentence for procedural and substantive reasonableness, <u>Gall v. United States</u>, 552 U.S. 38, 51 (2007), first ensuring that the district court did not commit any "significant procedural error," such as failing to properly calculate the applicable Guidelines range, failing to consider the 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2010) factors, or failing to adequately explain the sentence. <u>Id.</u> When either party "presents non-frivolous reasons for imposing a different sentence than that set forth in the advisory Guidelines, a district judge should address the party's arguments and explain why he has rejected those arguments." <u>United States v. Carter</u>, 564 F.3d 325, 328 (4th Cir. 2009) (internal quotation marks and citation omitted). If no procedural error occurred, we presume that a sentence within a properly calculated Guidelines range is reasonable. <u>United States v. Allen</u>, 491 F.3d 178, 193 (4th Cir. 2007).

Davis argues that the inclusion of the two criminal history points under § 4A1.1(e)[2] resulted in a Guidelines range that was greater than necessary to meet the sentencing goals of § 3553(a). He maintains that he presented a non-frivolous

---

[2] The district court did not clearly err in overruling Davis' objection to his criminal history score, which was correct under the applicable 2009 Guidelines Manual. <u>See</u> USSG § 1B1.11(a) (sentencing court shall use Guidelines Manual in effect on date of sentencing).

argument for a sentence below the Guidelines range — the proposed elimination of recency points — but the district court did not provide an explanation that permits "meaningful appellate review," as required by Carter, 564 F.3d at 330 (quoting Gall, 552 U.S. at 597). Davis argues that the district court's explanation for imposing a sentence within the Guidelines range was not coherent, that the appeals court may not guess at the district court's reason for rejecting his request for a variance, and that resentencing is necessary so that the district court may more clearly explain its ruling.

We disagree. The district court adequately responded to Davis' argument for a below-Guidelines sentence by explaining that Davis' continued criminal conduct after release from a prior sentence indicated that he had not decided to end his criminal activity. As a result, the court did not believe that the proposed change in the Guidelines warranted a sentence below the Guidelines range. The court's explanation was brief but sufficient to comply with Gall and Carter. Therefore, we conclude that the district court did not commit procedural error and the within-Guidelines sentence was reasonable.

Accordingly, we affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the

4

materials before the court and argument would not aid the decisional process.

AFFIRMED